**GROOMS, Admx. et, Plaintiff-Appellant, v. HAECKL'S EXPRESS, INC. et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6116.   Decided October 6, 1959.

Reeves & Herron, Morton Y. Reeves, of Counsel, Robert W. Phillips, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Earl F. Morris, of Counsel, Columbus, for defendants-appellees.

## OPINION

By DUFFY, J.

The plaintiff-appellant brought her action in the Court of Common Pleas for the death of her husband which occurred on December 27, 1954, while crossing West Broad Street at Oakley Avenue in the City of Columbus. Oakley Avenue intersects Broad Street which runs east and west on a jog with North Oakley Avenue, being east of South Oakley Avenue. The jog was stipulated to be one-hundred feet from the center of the east cross-walk and the center of the west cross-walk of Oakley Avenue with Broad Street being sixty feet from curb to curb. Broad Street was a marked highway having a parking lane and two traveled lanes for traffic going east and the same for traffic going west, and the highway was divided by three painted lines, two yellow with a white line in the middle. The accident occurred after dark at a lighted intersection on a night when the streets were wet and the rain was falling.

The testimony offered at the time of trial indicated that when the decedent was first observed, he was standing in the middle of Broad Street in the east cross-walk facing north, and the traffic signals were green for traffic traveling on Broad Street. The decedent was struck by a car traveling east on Broad Street and thrown into the air and then struck by the cab of the truck of the defendant-appellee and met almost instant death. The testimony further indicated that about three automobiles passed behind the decedent going east before the fourth automobile struck him, and the driver of the automobile testified that the decedent stepped backwards into the path of his car. Another witness, sitting in a car which had just come to a stop at the intersection of North Oakley Avenue and Broad Street, testified that he did not see the decedent move from his standing position in the middle of the street, and the driver of the defendant-appellee's truck stated that another automobile had cut in front of him and had proceeded through the intersection after the light had changed, and that the first time he observed the decedent was when he was in the air after having been struck by the east-bound automobile.

At the conclusion of the defendant's evidence, all parties other than the defendant-appellant were dismissed by the plaintiff, and the trial judge sustained a motion for a directed verdict and instructed the jury to return a verdict for the defendant. From a judgment entered on the verdict, an appeal was taken to this court and plaintiff gave as her assignment of error that the judgment rendered by the trial court was erroneous and contrary to law. Plaintiff-appellant states that the question presented to this court on appeal is, "Did the plaintiff present sufficient evidence to establish a jury question?" The plaintiff-appellant contends that testimony presented showed that the driver of the defendant-appellee's truck was guilty of negligence in the following respects:

1. Defendant failed to maintain a lookout or failed to observe pedestrian who was standing in the center of the street.

2. Defendant failed to maintain their truck under control under the conditions then and there existing.

3. Defendant violated the assured clear distance statute and was negligent as a matter of law.

4. Under the statutes the plaintiff had a preferential right to clear the intersection and that the defendant failed to give to plaintiff this right.

5. That the defendant crossed over and changed lanes of traffic and struck and killed plaintiff on the wrong side of the highway.

In the petition filed in the Common Pleas Court, the following was alleged to be the negligence of the defendant-appellee:

"Plaintiff further says that at said time and place the defendants Haeckl's Express Inc. and Samuel D. George were operating a motor vehicle in a western direction on West Broad Street at a speed of 30 miles per hour and approaching said Oakley intersection while operating in the north lane of westbound traffic. Further that without stopping or slowing down their vehicle defendants Haeckl's Express, Inc. and Samuel D. George caused their vehicle to swerve to the left and change lanes of traffic and enter said intersection before plaintiff had a chance to clear said intersection. Further that to avoid being struck by said motor vehicle plaintiff attempted to step back and into a motor vehicle traveling east and then plaintiff was struck and ran over by defendants."

As to defendant's failure to maintain a lookout, the only evidence in the file is that offered by the driver of the truck who testified that as he approached the intersection of Oakley and Broad, he saw a transit company bus stopped at the intersection and, when approximately one-hundred to one-hundred fifty feet from the intersection, a car traveling in the lane to his right cut over into his lane and proceeded through the intersection ahead of him. The driver testified that he was looking ahead but did not see a pedestrian standing in the cross-walk, and that he did observe traffic proceeding east through the intersection. He further testified that when the automobile cut in front of him, he reduced his speed to ten to fifteen miles per hour and was going less than twenty miles as he proceeded through the intersection.

There is no doubt that the decedent was standing in the intersection and there is no doubt that the defendant's driver did not see him standing in the intersection. There is no evidence indicating that the defendant's driver did not have his truck under control, nor is there any evidence that the decedent was in the pathway of the defendant's truck at any time before being struck by the east-bound automobile.

The appellant contends that the driver of the truck violated the assured clear distance statute (§4511.21 R. C.), or at least his actions were such that the question of his violation of the statute should have been submitted to the jury. See **Whitaker v. Baumgardner, 167 Oh St 167.**

Since the evidence is clear that the decedent was knocked into the air and over into the path of the truck, it does not appear that the assured clear distance statute has any application to this case. The

contention that the assured clear distance ahead statute applies to this case is at variance with the allegations of the petition which indicated that the defendant swerved his truck to the left, changing lanes and striking the decedent.

As to the contention of the plaintiff that the decedent had preferential right to clear the intersection and that the defendant failed to yield this right, the testimony does not indicate when the decedent entered the intersection, nor does it indicate from which side of Broad Street the decedent had started. Having left a grocery store on the north side of Broad Street an inference could have been drawn that he was proceeding from the north to the south, but the only two witnesses who observed him standing in the intersection, and the two who first saw him, both testified that he was standing facing the north and, further, the driver of the automobile traveling east, which struck him, stated that he stepped backwards into the path of his automobile. The bus driver who was stopped at the bus stop, at the north-east intersection of North Oakley Avenue and Broad Street, stated that he did not observe the decedent pass in front of his bus, from which we could infer that he was traveling from the south to the north, but about three automobiles had passed through the east crosswalk to the south of where he was standing, and at least one car passed through the east crosswalk to the north of where he was standing before either the automobile which struck him or the defendant's truck passed the cross-walk.

The evidence as to when and where the decedent entered the marked cross-walk not being shown, the trial judge could not say that decedent had a preferential right under the provisions of §4511.13 R. C., which gives traffic facing the green signal the right to proceed under the following conditions:

"(2) * * * But such traffic shall yield the right of way to vehicles, streetcars, and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited."

If there had been any evidence submitted showing the decedent had entered the cross-walk, facing the green signal light, the trial judge could not have directed the verdict, but we are unable to find any evidence other than that showing that the decedent was standing in the cross-walk after the light had turned green for Broad Street traffic.

There is no evidence whatsoever presented showing that defendant's driver varied his course of travel from the marked traffic lane in which he was driving and, while the decision seems to be hard, it must be remembered that the trial court was dealing with a situation in which the driver of the east-bound car was not a party but appeared as a witness for the plaintiff, and the testimony offered by him and the other witnesses fails to show any negligence on the part of the driver of the defendant's truck, so the judgment will be affirmed.

BRYANT, PJ, GRIFFITH, J, concur.